UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
The Estate of GENNARO SALVATORE IZZO, GENNARO V.
IZZO and the heirs of GENNARO SALVATORE IZZO,

                    Plaintiffs,

     -against-

VANGUARD FUNDING, LLC f/k/a FIDELITY BORROWING
MORTGAGE BANKERS, URBAN FINANCIAL GROUP, INC.
a/k/a URBAN FINANCIAL OF AMERICA, REVERSE
MORTGAGE SOLUTIONS a/k/a SECURITY ONE LENDING,
MCCABE WEISBERG & CONWAY, P.C., NATALIE
GIRALDO, ESQ., DEANNA CHELI, ESQ., TERRANCE J.
MCCABE, ESQ., MARC S. WEISBERG, ESQ., EDWARD D.
CONWAY, ESQ., LISA L. WALLACE, ESQ., LAURA H.G.
SULLIVAN, ESQ., JANET Z. CHARLTON, ESQ., JOSEPH
FILIPONE, RICHARD CACCIATORE, NANCY RADELMAN,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., John Does 1-10 and Jane Does 1-10,

                    Defendants.
-------------------------------------------------------------------------------x

**DECISION & ORDER**
15-cv-7084 (ADS)(GRB)

<u>APPEARANCES:</u>

**David A. Bythewood, Esq.**
*Attorney for the Plaintiffs*
85 Willis Avenue, Suite J
Mineola, NY 11501

**Westerman Ball Ederer Miller & Sharfstein LLP**
*Attorneys for the Defendants Vanguard Funding, LLC f/k/a Fidelity Borrowing Mortgage Bankers; Joseph Filipone; and Richard Cacciatore*
1201 RXR Plaza
Uniondale, NY 11556
        By:   Richard F. Harrison, Esq., Of Counsel

**Fein Such & Crane, LLP**
*Attorneys for the Defendants Urban Financial Group, Inc. a/k/a Urban Financial of America; Reverse Mortgage Solutions a/k/a Security One Lending; and Mortgage Electronic Registration Systems, Inc.*
1400 Old Country Road, Suite C-103
Westbury, NY 11590
        By:   Andre S. Haynes, Esq., Of Counsel

**McCabe Weisberg & Conway, PC**
*Attorneys for the Defendants McCabe Weisberg & Conway, PC; Natalie Giraldo, Esq.; Deanne Cheli, Esq.;*
*Terrance J. McCabe, Esq.; Marc S. Weisberg, Esq.; Edward D. Conway, Esq.; Lisa L. Wallace, Esq.; Laura H.G.*
*Sullivan, Esq.; Janet Z. Charlton, Esq.; and Donna Akinrele, Esq.*
145 Huguenot Street, Suite 210
New Rochelle, NY 10801
      By:   Kiyam J. Poulson, Esq., Of Counsel

NO APPEARANCES:

**Laura Smith**
*Defendant*

**Nancy Radelman**
*Defendant*

**SPATT, District Judge:**

Last year, a district court offered guidance to "[l]awyers [to] think twice about the burden they impose on judges to wade through surfeit pleadings, let alone 'labyrinthian prolixity of unrelated and vituperative charges that defy comprehension.' " UPS Store, Inc. v. Hagan, 99 F. Supp. 3d 426, 432 (S.D.N.Y. 2015) (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972)). "They should also think about their clients who presumably come to court 'to secure the just, speedy, and inexpensive determination' of their claims." Id. (citing Fed. R. Civ. P. 1). In this case, the wisdom of these recommendations should be apparent.

In a dizzying 87-page, 373-paragraph complaint, to which almost 200 additional pages of extrinsic documentary evidence are attached, the Estate of Gennaro S. Izzo, by its Executor Gennaro V. Izzo, on its own behalf and on behalf of unnamed heirs, alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Home Equity Conversion Mortgage statute and its implementing regulations,

24 C.F.R. § 206; and multiple theories of New York statutory and common law liability. Or so it seems from the face of the complaint.

In fact, the Court finds that the complaint is largely incoherent, consisting substantially of disorganized and lengthy quotations from diverse statutes; case citations from far-flung federal and state courts; unsupported legal conclusions; and extensive, sometimes pages-long arguments. The Court also finds that the few apparently factual statements are disjointed and do not provide any intelligible foundation for the Plaintiff's claims. Stated simply, if there are any well-pled facts in this complaint, they are entombed in extraneous material, and hidden from the Court's view in a document that otherwise plainly fails to meet the pleading requirements of Rule 8(a).

Under Rule 8, "a claim for relief must contain . . . a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis supplied). As this Court has stated:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial . . . The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."

Offor v. Mercy Med. Ctr., No. 15-cv-2219, 2016 U.S. Dist. LEXIS 31598, at *18 (E.D.N.Y. Mar. 10, 2016) (Spatt, J.) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 40 (2d Cir. 1988)).

The Second Circuit has further held that dismissal under this Rule is appropriate in exceptional cases, where, for example, "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004) (quoting Salahuddin, 861 F.2d at 42); see also Blakely v. Wells, 209 F. App'x 18, 20 (2d Cir. 2006) (affirming dismissal of a complaint that was 57 pages

long and contained 597 numbered paragraphs, as such a pleading "was far from short or plain"); Melvin v. Connecticut, No. 16-cv-537, 2016 U.S. LEXIS 77019, at \*3-\*4 (D. Conn. June 14, 2016) (dismissing a complaint that spanned 48 handwritten pages, contained 94 paragraphs, and was supplemented by 57 pages of attached materials; such a filing violated Rule 8, as it was "neither 'short and plain,' nor 'simple, concise, and direct' "); Kernan v. New York State Dep't of Fin. Servs., No. 13-cv-3196, 2014 U.S. Dist. LEXIS 44929, at \*3-\*4 (E.D.N.Y. Mar. 31, 2014) (dismissing a complaint which spanned 115 pages and contained 467 paragraphs, purported to state ten different claims against thirteen defendants, and "include[d] a wealth of extraneous information"); Ceparano v. Suffolk County, No. 10-cv-2030, 2010 U.S. Dist. LEXIS 134605, at \*11 (E.D.N.Y. Dec. 15, 2010) (noting that "prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit"), aff'd, 404 F. App'x 537 (2d Cir. 2011).

In the Court's view, this is one of the exceptional cases deserving of dismissal. This remains true despite the complexity of civil RICO cases. See Roberto's Fruit Mkt. v. Schaffer, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998) (Spatt, J.) ("The fact that plaintiffs assert RICO claims does not justify a verbose complaint. Although RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8(a)(2)" (internal citations, quotation marks, and brackets omitted)); see id. (this Court *sua sponte* dismissed a complaint under Rule 8 where it "tip[ped] the scales at a whopping 108 pages and 385 paragraphs" and attached 37 pages of documentary evidence); see also Infanti v. Scharpf, No. 06-cv-6552, 2008 U.S. Dist. LEXIS 45501, at \*9 (E.D.N.Y. June 10, 2008) (where the plaintiffs argued that their 90-page complaint was needed to establish a framework for civil RICO claims, the court held that their "attempt at justification [was] an exquisite manifestation of a failure to understand the essence of Rule 8").

Therefore, without reaching the merits of the Defendants' pending motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), the Court, on its own motion, dismisses the complaint under the provisions of Rule 8, without prejudice to refiling.

However, given the extraordinary length and breadth of the original complaint – as well as the indication from Plaintiff's counsel that he would actually like to enlarge his submission, see, e.g., Bythewood Aff. ¶ 2 (requesting permission to amend the complaint in order to *add* additional material) – the Court will place restrictions on the form of any amended pleading.

First, the Plaintiff is directed to refrain from including improper source information and legal authority, which is usually reserved for legal memoranda. This includes case citations, as well as quotations from statutes, rules, regulations, and caselaw. Such information is unnecessary to provide basic notice to the Defendants and the Court of the nature of the claims. See Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 595-96 (S.D.N.Y. 2013) ("The pleading of additional evidence, beyond what is required to enable the defendant to respond, is not only unnecessary, but in contravention of proper pleading procedure").

Second, the Plaintiff is directed to refrain from using legal conclusions, substantive arguments, and inflammatory accusations as factual allegations. The Court has the power to strike such portions of a pleading that it finds to be redundant or immaterial. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Therefore, if the amended complaint contains unsupported or patently conclusory statements, similar to the original complaint, they may be disregarded, or the amended pleading may again be dismissed. See Ceparano, 2010 U.S. Dist. LEXIS 134605, at *11 ("Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [Rule 8's] goals and this system; such complaints must be dismissed" (quoting Infanti, 2008 U.S. Dist. LEXIS 45501, at *4)).

Finally, the Court notes a few additional matters. Initially, the body of the complaint contains allegations relating to Donna Akinrele, Esq. and Laura Smith. However, neither of those individuals appears in the official caption of this case. Although this fact alone may not amount to a jurisdictional defect, the Plaintiff is nevertheless requested to exercise care to include all putative parties in the caption of the amended complaint.

Also, with the exception of Andre S. Haynes, Esq., none of the attorneys in this case has filed a Notice of Appearance. For the convenience of the Court and counsel, all attorneys appearing in this complex multi-defendant action are requested to immediately file a Notice of Appearance on ECF.

Further, the parties are reminded that motion practice in this Court is governed by the Local Civil Rules of the Eastern District and this Court's Individual Rules of Practice. In this regard, Individual Rule IV(B) requires that motion papers include legal memoranda, which, under subsection (i), are subject to strict page limits. In opposition to the Defendants' motions to dismiss, the Plaintiff did not file legal memoranda. Instead, he filed a series of attorney affirmations ranging in length from 33 to 63 pages, in which he made certain alleged legal arguments, and to which he included a total of 234 additional pages of documentary evidence. These filings apparently violate the Court's rules, and future noncompliant filings will be rejected without further notice to the parties.

Similarly, neither the Local Rules nor the Federal Rules of Civil Procedure permit parties to file sur-replies. In this case, in addition to the voluminous dispositive motions, substantial additional motion practice was occasioned by Plaintiff's counsel's unauthorized filing of sur-replies in response to each of the movants' replies. Therefore, in its discretion, the Court is issuing a standing order that, unless leave of the Court is expressly sought and granted, sur-replies will not be considered and do not require a response from the other parties. See Kapiti v.

Kelly, No. 07-cv-3782, 2008 U.S. Dist. LEXIS 20135, at *3 n.1 (S.D.N.Y. Mar. 12, 2008) (noting that "the decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court [and the Eastern District] authorize litigants to file surreplies").

The Court directs that the Plaintiff's amended complaint be filed no later than July 25, 2016. Service upon the appearing Defendants, through their attorneys of record via ECF, shall constitute good and sufficient service. However, the Plaintiff shall effectuate personal service in accordance with the Federal Rules upon any newly-added parties and parties who, to date, have not appeared.

Also, the Court directs that, on or before August 15, 2016, the Defendants shall either: file an answer to the amended complaint; advise the Court in writing on ECF that they consent to having the Court accept their previously-filed motions to dismiss as relating to the amended complaint; or file supplemental motion papers in light of the amendment.

It is **SO ORDERED.**

Dated:  Central Islip, New York       _/s/ Arthur D. Spatt_____
        July 2, 2016                   ARTHUR D. SPATT
                                       United States District Judge